## SUPREME COURT.

### SPRINGSTED agt. ROBINSON.

When it can be seen from the pleading to be answered that an admission of the truth of its allegations might subject the party answering it to a prosecution for felony, or might expose him to detection and thus lead to such prosecution, his general affidavit, that such might be the effect of the admissions should be received in lieu of a verification of the answer.

In such affidavit the particular facts and circumstances which lead him to such conclusion need not be stated.

This rule applied in an action of assault and battery.

*Monroe Special Term January* 1853. The complaint is for an assault and battery, and states that on the second day of October 1852, at Rochester in the county of Monroe, the defendant unlawfully and with force, assaulted the plaintiff, and seized hold of him and thrust him on the ground and injured the person of the plaintiff, and claims $500 damages. The complaint is verified by the plaintiff in due form, and was served October 12, 1852. On the 30th of the same month, the defendant's attorney served an answer, which, after the title of the action, was in words and figures following, viz: " Charles A. Robinson, the defendant in the above entitled action, for his answer therein, states that by answering on oath the allegations contained in the plaintiff's complaint, he may subject himself to a *criminal prosecution* for the same subject matter set forth in said complaint, and that he is therefore excused by law, as he is informed and believes, from answering said complaint and the allegations therein, otherwise than as he has above answered the same." This answer was verified in the usual form of verifying pleadings. On the 16th November following, an order was made by Judge SELDEN, at chambers, and upon notice, that the plaintiff have judgment on the ground of the frivolousness of the answer, unless the defendant, within twenty days, should amend by serving an amended answer pursuant to statute in such case made and provided, &c.; and in case defendant failed to amend, it was further ordered that a writ of inquiry of damages issue to the sheriff of Monroe, &c.

On the 17th of the same month of November, an amended answer was served, the same being a general and also a specific denial of all the facts stated in the complaint, without being verified, but accompanied by an affidavit of the defendant, stating that an admission of the truth of the allegations in the complaint might subject him to a prosecution for felony, and that he therefore omitted to verify his answer.

On the same day that this answer was served, the plaintiff's attorneys returned it, declining to receive it, on the ground that it was not verified. Subsequently the plaintiff's attorneys gave notice of the execution of a writ of inquiry, in pursuance of the said order, granted by Judge SELDEN.

A motion is now made to set aside the notice of inquest, and that the amended answer stand as good and sufficient.

J. L. ANGLE, *for Defendant.*

J. H. MARTINDALE, *for Plaintiff.*

WELLES, Justice.—The first answer, I presume was prepared in view of the cases of Hill vs. Muller (2 *San. Sup. C. R.* 684), and White vs. Cummings (3 *id.* 716). As the law stood when those cases were decided, the answer would, in my judgment, have been sufficient, and as a pleading would have had the effect of controverting the facts stated in the complaint. Since then, the provision of the Code, on the subject of verifying pleadings (§ 157) has been amended. By § 133 of the Code of 1848, every pleading, except the demurrer was required to be verified, but the verification might be omitted where the party would be privileged from testifying as a witness to the same matter. In the Code of 1849, the provisions on the subject are contained in § 157, and did not require a defendant to verify his answer, nor the plaintiff his reply, unless the pleading answered was verified. If such pleading was verified, the answer to it was required to be verified. But in the amendments of 1851, § 157 has the following clause: "The verification may be omitted, when an admission of the truth of the allegations might subject the party to prosecution for felony." The amendments of 1852 made no change in this section.

The first answer was not in accordance with this provision,

Springsted agt. Robinson.

either in form or substance.    It did not contain an answer to the
facts stated in the complaint, or show an excuse for not verify-
ing an answer as contemplated  by § 157 as amended  in 1851.
The excuse was  that an  answer on oath might subject the de-
fendant to a criminal prosecution.    That was not sufficient.    The
section as amended, excuses the party from verifying his plead-
ing, only when an admission of the truth of the allegations to be
answered may  subject him to  *a prosecution for felony.*    The
first answer, was no answer at all to the facts stated in the com-
plaint, and was, therefore, properly held frivolous.    The defend-
ant was as  much bound to answer the allegations of the com-
plaint, as in any other case.

But under the leave given to amend, the defendant has put in
a full answer, by which issue is taken upon the whole complaint;
and the question is, whether he is excused from verifying it.
There are several adjudications on this subject under the Codes
of 1848 and 1849, but none that I have met with, under the sec-
tion referred to as amended in 1851.    It is contended on behalf
of the plaintiff that the court should be able to see from the
pleading alone, that an admission of the truth of its statements
might subject the party to a prosecution for felony, and that the
affidavit of the party offering the excuse, that such might be the
consequences of the admission, is not to be received as evidence
in support of his claim to immunity.   Whatever might be the rule
in a case where the party's affidavit was the only evidence in
support of his excuse, I think in the present case it would be too
much to say that the defendant's affidavit is the only evidence.
Looking at the complaint, it appears to me it may be perceived
that an admission by the defendant of the truth of its allegations,
might subject him to the consequences against which the law is
intended to protect him.    It charges him with an assault and
battery upon the plaintiff.    The plaintiff, or some other person,
may have the intention of instituting a criminal prosecution
against him for an assault and battery with intent to kill or to
maim.    The plaintiff may know that a violent outrage has been
committed upon him, and may be satisfied that it was done with
a felonious intent; but he may entertain doubts as to the identity
of the person who committed it. . With regard to the defendant,

he may only have a suspicion; and if he can be compelled in a civil action to admit his connection with the transaction the plaintiff may be induced to institute a criminal prosecution, relying upon other evidence to establish the *quo animo*. Thus, by admitting the allegations in the complaint, he *may* be subjected to prosecution for felony. And who shall say whether such exposure or danger exists, but the defendant himself? He may be conscious that he committed the assault, and whether he be innocent of any felonious intent or not, his exposure to such prosecution would be the same; and I apprehend he ought not to be required to state the particular facts and circumstances which led him to such conclusion, as that might defeat the spirit and policy of the provision in question. When a witness on the stand declines answering a question put to him, on the ground that his answer would tend to degrade him, he is excused, on a similar principle, from disclosing the circumstances upon which his objection to testify is founded. If it is said that the concluding sentence of the section, viz: that " no pleading can be used in a criminal prosecution against the party as proof of a fact admitted or alleged in such pleading," protects the party against all such consequences and exposures—I answer that the provision is general, and designed as a protection to the party in all criminal prosecutions, whether for felonies or misdemeanors, founded upon the facts so admitted or alleged. Now the party is not to be excused from verifying his pleading in a civil action, although the facts admitted may subject him to a criminal prosecution for an offence, provided it be less than a felony; and then the provision in question comes in as a shield against having the pleading used against him for the purpose mentioned, in any criminal prosecution. But if the admission may subject him to a prosecution for a felony, although the pleading, whatever admissions or allegations it may contain, can not be used against him on such prosecution, nevertheless, the plain language of the previous clause is that the party is not bound to verify his pleading. The legislature could not have contemplated that any other effect should be given to that clause, than that the party should not be compelled to make any admission, however true, that might lead or tend to a prosecution for felony in some such sense

as I have supposed. For any other purpose, the clause seems to be utterly useless and ineffectual; and when it can be seen from the pleading to be answered, that an admission of the truth of its allegations, without the protection of the concluding saving clause of the section, might subject the party answering it to a prosecuton for felony; or with that protection, might expose him to detection, and thus lead to such prosecution, I think his general affidavit that such might be the effect or consequence of the admission, should be received.

Upon the whole, I am of the opinion that the amended answer should be permitted to stand, as valid and sufficient, without being verified.